***NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IMAN SHARIF, | : | |
| | : | Civil Action No. 15-7403 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN CHARLES GREEN, et al., | : | |
| | : | |
| Defendants. | : | |

**WIGENTON**, District Judge:

Currently before the Court is the complaint of Plaintiff, Iman Sharif. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 5). As this Court finds that leave to proceed *in forma pauperis* is authorized, *see* 28 U.S.C. § 1915(a)(1)-(2), this Court will grant Plaintiff's application. As this Court is granting Plaintiff *in forma pauperis* status, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint for failure to state a claim for which relief may be granted.

**I. BACKGROUND**

Plaintiff, Iman Sharif, is a state pretrial detainee currently incarcerated in the Essex County Correctional Facility. (ECF No. 1 at 2-4). Plaintiff alleges that he is housed in the jail's protective custody unit. (*Id.* at 5). Plaintiff alleges that on the morning of July 6, 2015, he was out of his cell during an early morning recreation period with the inmates housed in between five and eight other cells. (*Id.*). While he was out on recreation, Plaintiff alleges the inmates housed in several top tier cells persuaded an Officer Burgess to release them from their cells into the recreation area. (*Id.* at 5-6). Burgess then called down to another officer, who opened the cells and permitted those inmates to enter the recreation area where Plaintiff was sitting. (*Id.*).

At that time, Plaintiff was apparently sitting and talking with another inmate, when "3 top tier inmates" approached him "in a violent manner and a scuffle took place where [Petitioner] was jumped on by more than 4 inmates." (*Id.* at 6). Plaintiff alleges that these inmates were known gang members. (*Id.*). Plaintiff states, however, that he has no gang affiliation, and does not know why he was attacked. (*Id.*). Plaintiff alleges that his rights were violated in so much as it was "against the procedures" of the jail for the guards to permit those inmates into the recreation area. (*Id.*).

Plaintiff further alleges that, after the scuffle, he was taken to see a nurse before being placed in "the hole (locked up)." (*Id.*). Plaintiff further states that an administrative violation hearing was held, where he was sentenced to ten days for his part in the scuffle. (*Id.*). Plaintiff thereafter submitted "countless grievances" to the jail, but has received no response. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§1915(e)(2)(B) and 1915A because Plaintiff is a state prisoner who has been granted *in forma pauperis* status and who raises claims against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff seeks to make claims against defendants for alleged violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).

Here, Plaintiff asserts two claims: that the guards failed to protect him from certain top tier inmates who assaulted him in violation of his Fourteenth Amendment rights, and that the jail's alleged failure to properly process his grievance forms violated his rights to Due Process. To the extent that Plaintiff asserts that his rights were violated by the jail's purported failure to

4

properly process his grievance forms, Plaintiff fails to state a claim. *See Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015) ("[a]ccess to prison grievance procedures is not a constitutionally-mandated right, and allegations of improprieties in the handling of grievances do not state a cognizable claim under § 1983). Plaintiff's grievance procedure claims against Defendants Green, Ortiz, Williams, and Dykes will therefore be dismissed with prejudice. *Id.*

Plaintiff also asserts a failure to protect claim against Officer Burgess and Sergeant Quayles. Claims for failure to protect usually arise under the Eighth Amendment. *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010). Under the Eighth Amendment, a plaintiff must show that he is "incarcerated under conditions posing a substantial risk of serious harm" and that the prison official defendant acted with "deliberate indifference" to the plaintiff's health and safety. *Id.* The Third Circuit has applied this same standard to pre-trial detainees presenting failure to protect claims under the Fourteenth Amendment, holding that such a plaintiff must "plead that the prison official acted with deliberate indifference to the detainee's health or safety." *Id.* at 638; *see also Caiozzo v. Koreman*, 581 F.3d 63, 71 (2d Cir. 2009); *Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 475 (7th Cir. 1998); *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996). A showing of deliberate indifference requires that the official knew of and disregarded a substantial risk of serious harm to the plaintiff's health or safety. *Parkell v. Markell*, --- F. App'x ---, ---, 2015 WL 4523521, at *3 (3d Cir. July 27, 2015). "It does not matter whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id.*; *see also Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

Plaintiff alleges that the officers here failed to protect him in so much as Officer Burgess released certain top tier inmates into the same recreation area where Plaintiff was seated. Although Plaintiff alleges that the inmates were gang members, he alleges that he himself has no gang affiliation, and does not know why he was attacked.  Plaintiff has essentially pled that the attack by these other inmates was unprovoked and occurred for no known reason.  If the reason for the attack is unknown to Plaintiff, there are no facts which have been pled which would support the assertion that Officer Burgess or Sergeant Quayles should have known that the inmates would have attacked Plaintiff for any reason personal to him.

Plaintiff's claim therefore must rely on the assertion that these inmates were so dangerous to all prisoners that would it amount to deliberate indifference for the officers to release them into the recreation area at all.  Plaintiff pleads no facts which would support such a conclusion. That they were gang members is insufficient to establish that they represented a substantial risk of serious harm to others who were not members of rival gangs, and Plaintiff has provided no other information other than that they were high security inmates which would suggest they posed such a risk.  As such, Plaintiff has failed to plead sufficient facts to support the allegation that the officers were deliberately indifferent to Plaintiff's health and safety, and his complaint must therefore be dismissed against the officers.  *Burton*, 401 F. App'x at 637-38.  Because Plaintiff could conceivably plead sufficient facts, however, this Court will dismiss this claim without prejudice and Plaintiff is granted leave to amend his complaint to allege sufficient facts within thirty days.

6

**III. CONCLUSION**

      For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and his complaint shall be DISMISSED for failure to state a claim for which relief may be granted.   An Appropriate order follows.

                                                  *s/ Susan D. Wigenton*
                                                Hon. Susan D. Wigenton,
                                                United States District Judge